IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>KRYSTA NICOLE GENTRY,<br><br>Debtor. | Case No. 20-13708-SAH<br>(Chapter 7) |
| JOHN MASHBURN, U.S. Bankruptcy Trustee of the Bankruptcy Estate of Krysta Nicole Gentry,<br><br>Plaintiff,<br><br>vs.<br><br>KRYSTA NICOLE GENTRY; WILLIAM T. HOLLIS; PAMELA SUE HOLLIS; AND DKG INVESTMENTS, LLC.<br><br>Defendants. | Adv. Pro. No. 21-1017-SAH |

**DEFENDANTS' ANSWER TO COMPLAINT
TO DENY DISCHARGE OF DEBTOR, TO AVOID
FRAUDULENT OR PREFERENTIAL TRANSFERS AND
FOR TURNOVER OF PROPERTY AND/OR FUNDS**

COMES NOW Krysta Nicole Gentry ("Debtor"), William T. Hollis, Pamela Sue Hollis and DKG Investments (collectively "Defendants") and answers the allegations contained in the *Complaint To Deny Discharge Of Debtor, To Avoid Fraudulent Or Preferential Transfers And For Turnover Of Property And/Or Funds* (the "*Complaint*") filed February 5, 2021 by John Mashburn, United States Bankruptcy Trustee ("Trustee") [Doc. 1]. Defendants consent to the entry of final orders or judgments by this Court on any issues in this adversary proceeding pursuant to F.R. Bankr. P. 7012. Unless specifically admitted, Defendants deny each and every allegation in the *Complaint* and demand strict proof. Defendants answer the *Complaint* as follows:

1. Defendants admit the allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2.

3. Paragraph 3 does not contain an allegation and does not require a response from Defendants. To the extent that Paragraph 3 seeks to impose liability, Defendants deny the allegations and demand strict proof.

4. Defendants consent to the entry of final orders or judgment by this Court on any issue in this adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7008.

5. Defendants admit that Debtor's counsel at the time her bankruptcy was filed, Stephen Harry, filed her Schedules on November 20, 2020. To the extent that Paragraph 5 seeks to impose liability, Defendants deny the allegations and demand strict proof.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants admit that William T. Hollis and Pamela Sue Hollis are Debtor's parents. To the extent that Paragraph 8 seeks to impose liability, Defendants deny the allegations and demand strict proof.

9. Defendants admit the allegations in Paragraph 9.

10. Paragraph 10 does not contain any allegations and does not require a response from Defendants. To the extent that Paragraph 10 seeks to impose liability, Defendants deny the allegations and demand strict proof.

11. Defendants admit that Debtor and her sister signed and recorded the 1/22/20 JT QC Deed. To the extent that Paragraph 11 seeks to impose liability, Defendants deny the allegations and demand strict proof.

12. The document speaks for itself. To the extent that Paragraph 12 seeks to impose liability, Defendants deny the allegations and demand strict proof.

13. Defendants admit that William Hollis and Pamela Hollis signed and recorded the 1/24/20 QC Deed. To the extent that Paragraph 13 seeks to impose liability, Defendants deny the allegations and demand strict proof.

14. The document speaks for itself. To the extent that Paragraph 14 seeks to impose liability, Defendants deny the allegations and demand strict proof.

15. Debtor admits that Bankr. Docket #1, Ques. No. 4, at p.2, does not list any business names or EIN's, but denies any remaining allegations and demands strict proof. Further, Debtor states that it is not proper for business names and EIN's to be listed on Form 101 of the Bankruptcy Petition for an individual debtor, only for a non-individual debtor.

16. Defendants admit that Debtor has used the business name of "DKG Investments, LLC" ("DKG"), but deny any remaining allegations in Paragraph 16 and demand strict proof.

17. Debtor admits that Debtor's bankruptcy petition says that she does not rent her residence but deny any remaining allegations and demand strict proof. Debtor disclosed to her counsel at the time that she rented her residence and relied on counsel to disclose this in her bankruptcy petition.

18. Debtor admits that she rents her residence at 2800 NW 184th St., Edmond, OK 73012 but deny any remaining allegations and demand strict proof.

19. Defendants admit the allegations in Paragraph 19. To the extent that Paragraph 19 seeks to impose liability, Defendants deny the allegations and demand strict proof.

20. Defendants deny the allegations in Paragraph 20 and demand strict proof.

21. Debtor admits the allegations in Paragraph 21. To the extent that Paragraph 21 seeks to impose liability, Defendants deny the allegations and demand strict proof.

22. Defendants deny the allegations in Paragraph 22 and demand strict proof.

23. Debtor admits that her bankruptcy petition says she does not own any "Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture." To the extent that Paragraph 23 seeks to impose liability, Defendants deny the same and demand strict proof.

24. Debtor admits that she owns an interest in DKG, but to the extent that Paragraph 24 seeks to impose liability, Defendants deny the same and demand strict proof. Debtor told her bankruptcy counsel that filed her case that she owned DKG. Debtor relied on her attorney to include DKG in her bankruptcy petition.

25. Debtor admits that her bankruptcy petition says she does not "own or have any legal or equitable interest in any business-related property." To the extent that Paragraph 25 seeks to impose liability, Defendants deny the same and demand strict proof.

26. Defendants deny the allegations in Paragraph 26 and demand strict proof.

27. Debtor admits that her bankruptcy petition says that she does not "have other property of any kind you did not already list." To the extent that Paragraph 27 seeks to impose liability, Defendants deny the same and demand strict proof.

28. Defendants deny the allegations in Paragraph 28 and demand strict proof.

29. Debtor admits that her bankruptcy petition says that she does not have any creditors who "have claims secured by your property." To the extent that Paragraph 29 seeks to impose liability, Defendants deny the same and demand strict proof.

30. Defendants deny the allegations in Paragraph 30 and demand strict proof.

31. Debtor admits that her bankruptcy petition lists no information for a non-filing spouse. Further, Debtor states that she maintains a residence separate from her husband and, therefore, was not required to provide any information as alleged at

paragraph 31. To the extent that Paragraph 31 seeks to impose liability, Defendants deny the same and demand strict proof.

32. Defendants deny the allegation in Paragraph 32 and demand strict proof. Debtor was married on March 17, 2020. Debtor is separated from her husband and Debtor's husband lives in a different residence than Debtor.

33. Debtor admits that her bankruptcy petition answers "no" on Schedule J. To the extent that Paragraph 33 seeks to impose liability, Defendants deny the same and demand strict proof.

34. Defendants deny the allegation in Paragraph 34 and demand strict proof. Debtor was married on March 17, 2020. Debtor is separated from her husband and Debtor's husband lives in a different residence than Debtor.

35. Debtor admits that her Statement of Financial Affairs answers "no" as to income from employment or from operating a business during this year or the two previous calendar years. To the extent that Paragraph 35 seeks to impose liability Defendants deny the same and demand strict proof.

36. Debtor admits that her Statement of Financial Affairs answers "no" as to any other income during this year or the two previous calendar years. To the extent that Paragraph 36 seeks to impose liability, Defendants deny the same and demand strict proof.

37. Debtor admits her income amounts in Paragraph 37. To the extent that Paragraph 37 seeks to impose liability, Defendants deny the same and demand strict proof. Debtor provided her bankruptcy counsel that filed her Petition with tax returns and pay stubs and relied on counsel to input that information into her bankruptcy petition.

38. Debtor admits that her Statement of Financial Affairs answers "no" when asked "Within 1 year before you filed bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?" To the extent that Paragraph 38 seeks to impose liability, Defendants deny the same and demand strict proof.

39. Defendants deny the allegations in Paragraph 39 and demand strict proof. Debtor's ex-husband filed an appeal against Judge Ryan to overrule the Judge's decision in Debtor's family court matter, she was not a party to the lawsuit. Debtor was named as an interested party, not by something she did, because she was a party in the original family court matter.

40. Debtor admits that her Statement of Financial Affairs answers "no" when asked "Within 2 years before you filed bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?" To the extent that Paragraph 40 seeks to impose liability, Defendants deny the same and demand strict proof.

41. Defendants admit Debtor transferred the Subject Property by the 1/22/20 JT QC Deed. To the extent that Paragraph 41 seeks to impose liability, Defendants deny the same and demand strict proof. Debtor had numerous conversations and exchanged emails and text messages with her bankruptcy counsel that filed her Petition about the transfers of the Subject Property prior to filing bankruptcy. Debtor relied on her attorney to disclose information that Debtor gave him.

42. Debtor admits that her Statement of Financial Affairs answers "no" when asked if within 4 years before filing bankruptcy Debtor had connections to businesses. To the extent that Paragraph 42 seeks to impose liability, Defendants deny the same and demand strict proof.

43. Debtor admits she held an interest in real property rental in previous years and as a member/owner of DKG as of January 21, 2020. To the extent that Paragraph 43 seeks to impose liability, Defendants deny the same and demand strict proof. Debtor had numerous conversations and exchanged emails and text messages with bankruptcy counsel that filed her Petition and provided him with copies of her 2018 and 2019 tax returns prior to filing bankruptcy. Debtor relied on her attorney to disclose information that Debtor had given him.

44. Debtor admits the allegations in Paragraph 44. To the extent that Paragraph 44 seeks to impose liability, Defendants deny the same and demand strict proof.

45. Debtor denies the allegation in Paragraph 34 and demand strict proof. Debtor was married on March 17, 2020. Debtor is separated from her husband and Debtor's husband lives in a different residence than Debtor.

46. Debtor admits that she testified that her Petition, Schedules and Statement of Financial Affairs were true, accurate and complete, however, Debtor had never been shown a copy of her Petition, Schedules and Statement of Financial Affairs prior to filing bankruptcy and relied on her attorney to prepare the documents based upon information that she had given him. Debtor does not have knowledge of what documents are filed and how to properly disclose information and relied on her attorney to complete the required paperwork completely and accurately.

47. Debtor denies the allegations in Paragraph 47 and demand strict proof. Debtor was not aware that the documents were signed under penalty of perjury. Debtor does not have knowledge of what documents are filed and how to properly disclose information and relied on her attorney to complete the required paperwork completely and accurately.

48. Debtor denies the allegations in Paragraph 48 and demands strict proof. Debtor disclosed all information necessary to list and schedule all property interest as required by the Bankruptcy Code and Rules. To the extent that Debtor's bankruptcy petition contained errors, the errors were not made purposefully to conceal property. Debtor does not have knowledge of what documents are filed and how to properly disclose information and relied on her attorney to complete the required paperwork completely and accurately.

49. Debtor denies the allegations in Paragraph 49 and demands strict proof. Debtor disclosed all information necessary to list and schedule all property interest as required by the Bankruptcy Code and Rules. To the extent that Debtor's bankruptcy petition contained errors, the errors were not made purposefully to conceal property. Debtor does not have knowledge of what documents are filed and how to properly disclose information and relied on her attorney to complete the required paperwork completely and accurately.

50. Debtor denies the allegations in Paragraph 50 and demands strict proof. Debtor disclosed all information necessary to list and schedule all property interest as required by the Bankruptcy Code and Rules. To the extent that Debtor's bankruptcy petition contained errors, the errors were not made purposefully to conceal property. Debtor does not have knowledge of what documents are filed and how to properly disclose information and relied on her attorney to complete the required paperwork completely and accurately.

51. Defendants deny the allegations in Paragraph 51 and demand strict proof. Debtor disclosed all information necessary to list and schedule all property interest as required by the Bankruptcy Code and Rules. To the extent that Debtor's bankruptcy

petition contained errors, the errors were not made purposefully to conceal property. Debtor does not have knowledge of what documents are filed and how to properly disclose information and relied on her attorney to complete the required paperwork completely and accurately.

52. Defendants deny the allegations in Paragraph 52 and demand strict proof. Debtor disclosed all information necessary to list and schedule all property interest as required by the Bankruptcy Code and Rules. To the extent that Debtor's bankruptcy petition contained errors, the errors were not made purposefully to conceal property. Debtor does not have knowledge of what documents are filed and how to properly disclose information and relied on her attorney to complete the required paperwork completely and accurately.

53. Defendants admit that the transfer of the Subject Property was made or incurred on or within 2 years before the date of the filing of the Petition. To the extent that Paragraph 53 seeks to impose liability, Defendants deny the same and demand strict proof. Debtor had numerous conversations and exchanged emails and text messages with her bankruptcy counsel about the transfers of the Subject Property prior to filing bankruptcy. Debtor relied on her attorney to disclose information that Debtor had given him.

54. Defendants deny the allegations in Paragraph 54 and demand strict proof. Debtor disclosed all information necessary to list and schedule all property interest as required by the Bankruptcy Code and Rules. To the extent that Debtor's bankruptcy petition contained errors, the errors were not made purposefully to conceal property. Debtor does not have knowledge of what documents are filed and how to properly

    disclose information and relied on her attorney to complete the required paperwork completely and accurately.

55. Defendants deny the allegations in Paragraph 55 and demand strict proof.

56. Defendants deny the allegations in Paragraph 56 and demand strict proof.

57. Defendants deny the allegations in Paragraph 57 and demand strict proof.

58. Defendants deny the allegations in Paragraph 58 and demand strict proof.

59. Defendants deny the allegations in Paragraph 59 and demand strict proof.

60. Defendants deny the allegations in Paragraph 60 and demand strict proof.

61. Defendants deny the allegations in Paragraph 61 and demand strict proof.

62. Defendants admit the allegations in Paragraph 62. To the extent that Paragraph 62 seeks to impose liability, Defendants deny the same and demand strict proof.

63. Paragraph 63 does not contain any allegations and does not require a response from Defendants. To the extent that Paragraph 63 seeks to impose liability, Defendants deny the allegations and demand strict proof.

64. Paragraph 64 does not contain an allegation and does not require a response from Defendants To the extent that Paragraph 64 seeks to impose liability, Defendants deny the allegations and demand strict proof.

65. Paragraph 65 does not contain any allegations and does not require a response from Defendants. To the extent that Paragraph 65 seeks to impose liability, Defendants deny the allegations and demand strict proof.

## **AFFIRMATIVE DEFENSES**

Defendants reserve the right to assert all affirmative defenses as they may become known through discovery.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing by way of the *Complaint To Deny Discharge Of Debtor, To Avoid Fraudulent Or Preferential Transfers And For Turnover Of Property And/Or Funds* (the "*Complaint*") filed February 5, 2021 by John Mashburn, United States Bankruptcy Trustee ("Trustee") [Doc. 1] and for such other relief as the Court deems equitable.

        Respectfully submitted,

        /s/Gary D. Hammond
        GARY D. HAMMOND, #013825

OF COUNSEL:

MITCHELL & HAMMOND
An Association of Professional Entities
512 N.W. 12th Street
Oklahoma City, Oklahoma 73103
405.216.0007 Telephone
405.232.6358 Facsimile
gary@okatty.com   Email
**ATTORNEYS FOR KRYSTA GENTRY, WILLIAM T. HOLLIS, PAMELA SUE HOLLIS AND DKG INVESTMENTS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2021, a true and correct copy of this document was electronically served using the CM/ECF system and mailed, postage prepaid, to:

John Mashburn
John D. Mashburn, Attorney at Law, PC
1616 E. 19th Street, Suite 301A
Edmond, OK 73013

        /s/ Gary D. Hammond
        Gary D. Hammond